**DORF & NELSON LLP**
Andrew P. Marks
David S. Warner
555 Theodore Fremd Avenue
Rye, New York 10580
Telephone: (914) 381-7600
amarks@dorflaw.com
dwarner@dorflaw.com
*Attorneys for Defendants*
  *Healthfirst Health Plan, Inc. and*
  *HF Management Services, LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LIZ FENG, YUE X. HUANG, FENG X. LIU, YU P. LIU, SHAO N, MENG and MEI S. YUEN, <br><br> Plaintiffs, <br><br> -against- <br><br> HEALTHFIRST HEALTH PLAN, INC., HF MANAGEMENT SERVICES, LLC, DOE MANAGED LONG TERM CARE PLAN, and SCHAROME CARES, INC., <br><br> Defendants. | Case No. 20-cv-2049 (GHW)(JLC) <br><br><br> **ANSWER** |

      Defendants Healthfirst Health Plan, Inc. ("Healthfirst") and HF Management Services, LLC (collectively, "Healthfirst Defendants"), by and through their undersigned attorneys at Dorf & Nelson LLP, as and for their Answer to the Complaint in the above-captioned action, hereby respond as follows.

      1.     Paragraph 1 contains legal assertions and opinions to which no response is required and, on that basis, deny them.

      2.     Paragraph 2 contains legal assertions to which no response is required and, on that basis, deny them.

      3.     Deny the allegations in Paragraph 3.

1

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4.

5. Deny the allegations in paragraph 5.

6. Deny the allegations in Paragraph 6 as to Healthfirst Defendants and deny knowledge or information sufficient to form a belief as to any other defendants.

7. Deny the allegations in Paragraph 7.

8. Deny the allegations in Paragraph 8.

9. Deny the allegations in Paragraph 9.

10. Deny the allegations in Paragraph10.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11.

12. Deny the allegations in Paragraph 12.

13. Deny the allegations in Paragraph 13.

14. Deny the allegations in Paragraph 14.

15. Admit that Plaintiffs purport to seek unpaid wages, compensatory damages, liquidated damages, pre-judgment and post-judgment interest and attorneys' fees and costs, but deny that Healthfirst Defendants are liable for any such amounts.

16. Paragraph 16 contains legal assertions to which no response is required and, on that basis, deny them.

17. Paragraph 17 contains legal assertions to which no response is required and, on that basis, deny them.

18. Deny the allegations in Paragraph 18.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, except deny that Plaintiff Li Z. Feng was employed by Healthfirst Defendants.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20, except deny that Plaintiff Yue X. Huang was employed by Healthfirst Defendants.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21, except deny that Plaintiff Feng X. Liu was employed by Healthfirst Defendants.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22, except deny that Plaintiff Yu P. Liu was employed by Healthfirst Defendants.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23, except deny that Shao N. Meng was employed by Healthfirst Defendants.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24, except deny that Yuen was employed by Healthfirst Defendants.

25. Deny the allegations in Paragraph 25, except admit that Healthfirst Health Plan, Inc. is a New York corporation that currently administers the Healthfirst Complete Care Plan.

26. Deny the allegations in Paragraph 26.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28.

29. Deny the allegations in Paragraph 29.

30. Deny the allegations in Paragraph 30.

31. Deny the allegations in Paragraph 31.

32. Deny the allegations in Paragraph 32.

33. Deny the allegations in Paragraph 33, except admit that Healthfirst receives Medicaid funding and that Medicaid-funded services may include medically necessary and appropriate personal care.

34. Deny the allegations in Paragraph 34, except admit that Healthfirst periodically participates in the assessment of its members' need for certain personal care services and in authorizing Medicaid-funded services for its members in accordance with governmental requirements and standards.

35. Deny the allegations in Paragraph 35, except admit that Healthfirst periodically participates in the assessment of its members' need for certain personal care services.

36. Deny the allegations in Paragraph 36, except admit that Healthfirst periodically participates in the assessment of its members' need for certain personal care services, which may include a nursing assessment.

37. Deny the allegations in Paragraph 37, except admit that Healthfirst periodically participates in the assessment of its members' need for certain personal care services and in authorizing Medicaid-funded services for its members in accordance with governmental requirements and standards.

38. Deny the allegations in Paragraph 38 except admit that Healthfirst periodically participates in the assessment of its members' need for certain personal care services and in authorizing Medicaid-funded services for its members in accordance with governmental requirements and standards.

39. Admit the allegations in Paragraph 39.

40. Deny the allegations in Paragraph 40, except admit that Healthfirst generally provides an approved plan of care to its members.

41. Admit the allegations in Paragraph 41.

42. Deny the allegations in Paragraph 42 as they are too vague and ambiguous to enable Healthfirst Defendants to admit or deny them.

43. Deny the allegations in Paragraph 43, except admit that Healthfirst Defendants utilize in certain cases their own care managers and/or nurses to help develop care plans for members in accordance with governmental requirements and standards.

44. Deny the allegations in Paragraph 44 as they are too vague and ambiguous to enable Healthfirst Defendants to admit or deny them.

45. Deny the allegations in Paragraph 45.

46. Deny the allegations in Paragraph 46, except admit that Healthfirst contracts with many authorized providers of health-related services, including providers of personal care aides.

47. Deny the allegations in Paragraph 47 and assert that Senior Health Partners, Inc. ("SHP") contracted with Scharome Cares, Inc., among other entities, to offer personal care aides to some SHP members during the period of 2011 through 2015.

48. Deny the allegations in Paragraph 48.

49. Deny the allegations in Paragraph 49.

50. Deny the allegations in Paragraph 50.

51. Deny the allegations in Paragraph 51.

52. Deny the allegations in Paragraph 52.

53. Deny the allegations in Paragraph 53.

54. Deny the allegations in Paragraph 54.

55. Deny the allegations in Paragraph 55.

56. Deny the allegations in Paragraph 52.

57. Deny the allegations in Paragraph 57.

58. Deny the allegations in Paragraph 58.

59. Deny the allegations in Paragraph 59.

60. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60.

61. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61.

62. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62.

63. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63.

64. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64.

65. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65.

66. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66.

67. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67.

68. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68.

69. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70.

70. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70.

71. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71.

72. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72.

73. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73.

74. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74.

75. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75.

76. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76.

77. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77.

78. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78.

79. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79.

80. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80.

81. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81.

82. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82.

83. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83.

84. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84.

85. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85.

86. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86.

87. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87.

88. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88.

89. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89.

90. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90.

91. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91.

92. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92.

93. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93.

94. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94.

95. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95.

96. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96.

97. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97.

98. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98.

99. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99.

100. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100.

101. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101.

102. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102.

103. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103.

104. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104.

105. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105.

106. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106.

107. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107.

108. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108.

109. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109.

110. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110.

111. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111.

112. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112.

113. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113.

114. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114.

115. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115.

116. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116.

117. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117.

118. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118.

119. Deny the allegations in Paragraph 119.

120. Deny the allegations in Paragraph 120.

121. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 121, except admit that Healthfirst Defendants did not provide plaintiffs

with any notification regarding their overtime and wages as Healthfirst Defendants did not employ Plaintiffs.

122. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 122, except admit that Healthfirst Defendants did not provide plaintiffs with statements of their wages as Healthfirst Defendants did not employ Plaintiffs.

123. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 121, except admit that Healthfirst Defendants did not give plaintiffs notice of their overtime rate of pay as Healthfirst Defendants did not employ Plaintiffs.

124. Healthfirst Defendants reallege and incorporate by reference their answers to all allegations in all preceding paragraphs as if fully set forth herein.

125. Deny the allegations in Paragraph 125.

126. Paragraph 126 contains legal assertions to which no response is required and, on that basis, deny them.

127. Deny the allegations in Paragraph 127.

128. Deny the allegations in Paragraph 128.

129. Deny the allegations in Paragraph 129.

130. Healthfirst Defendants reallege and incorporate by reference their answers to all allegations in all preceding paragraphs as if fully set forth herein.

131. Deny the allegations in Paragraph 131.

132. Paragraph 132 contains legal assertions to which no response is required and, on that basis, deny them.

133. Deny the allegations in Paragraph 133.

134. Deny the allegations in Paragraph 134.

135. Healthfirst Defendants reallege and incorporate by reference their answers to all allegations in all preceding paragraphs as if fully set forth herein.

136. Deny the allegations in Paragraph 136.

137. Paragraph 137 contains legal assertions to which no response is required and, on that basis, deny them.

138. Deny the allegations in Paragraph 138.

139. Deny the allegations in Paragraph 139.

140. Deny the allegations in Paragraph 140.

141. Healthfirst Defendants reallege and incorporate by reference their answers to all allegations in all preceding paragraphs as if fully set forth herein.

142. Deny the allegations in Paragraph 142.

143. Paragraph 143 contains legal assertions to which no response is required and, on that basis, deny them.

144. Paragraph 144 contains legal assertions to which no response is required and, on that basis, deny them.

145. Deny the allegations in Paragraph 145.

146. Deny the allegations in Paragraph 146.

147. Healthfirst Defendants reallege and incorporate by reference their answers to all allegations in all preceding paragraphs as if fully set forth herein.

148. Deny the allegations in Paragraph 148.

149. Paragraph 149 contains legal assertions to which no response is required and, on that basis, deny them.

150. Deny the allegations in Paragraph 150.

151. Deny the allegations in Paragraph 151.

152. Healthfirst Defendants reallege and incorporate by reference their answers to all allegations in all preceding paragraphs as if fully set forth herein.

153. Deny the allegations in Paragraph 153.

154. Deny the allegations in Paragraph 154.

155. Deny the allegations in Paragraph 155.

156. Healthfirst Defendants reallege and incorporate by reference their answers to all allegations in all preceding paragraphs as if fully set forth herein.

157. Deny the allegations in Paragraph 157.

158. Deny the allegations in Paragraph 158.

159. Deny the allegations in Paragraph 159.

160. Deny the allegations in Paragraph 160.

161. Deny the allegations in Paragraph 161.

162. Deny the allegations in Paragraph 162.

163. Deny the allegations in Paragraph 163.

164. Deny the allegations in Paragraph 164.

165. Healthfirst Defendants reallege and incorporate by reference their answers to all allegations in all preceding paragraphs as if fully set forth herein.

166. Paragraph 166 contains legal assertions to which no response is required and, on that basis, deny them.

167. Paragraph 167 contains legal assertions to which no response is required and, on that basis, deny them.

168. Deny the allegations in Paragraph 168.

169. Deny the allegations in Paragraph 169.

170. Deny that Plaintiffs are entitled to any of the relief requested in the "Prayer for Relief" section of Complaint, including subsections (a)-(j) thereof.

## GENERAL DENIAL

Healthfirst Defendants deny each and every allegation not specifically admitted herein.

## DEFENSES

As separate and distinct defenses, and without conceding that they bear the burden of proof as to any of these defenses, Healthfirst Defendants assert the following defenses:

### FIRST DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs' claims against Healthfirst Defendants should be dismissed because these entities had no role in the conduct alleged in the Complaint.

### THIRD DEFENSE

Healthfirst Defendants were not Plaintiffs' employer or joint employer under the Fair Labor Standards Act or New York Labor Law because, among other things, Healthfirst Defendants did not exercise formal or functional control over Plaintiffs, *e.g.*, did not hire or fire Plaintiffs, determine their rate or method of payment, exercise control over their conditions of employment, or maintain their employment records.

### FOURTH DEFENSE

Plaintiffs' claims against Healthfirst Defendants should be dismissed because any decisions made or actions taken by Healthfirst Defendants that may have affected Plaintiffs'

employment or working conditions at Scharome Cares or elsewhere were made or taken pursuant to governmental requirements.

## FIFTH DEFENSE

Plaintiffs' claims against Healthfirst Defendants are barred, in whole or in part, by the applicable statute(s) of limitations, including those in 29 U.S.C. § 255(a) and N.Y. Labor Law § 198, as neither Plaintiffs nor Scharome Cares have had any commercial or other relationship with Healthfirst Defendants, or with any entity related to Healthfirst since December 31, 2015.

## SIXTH DEFENSE

Plaintiffs' claims against Healthfirst Defendants should be dismissed, in whole or in part, for lack of subject-matter jurisdiction.

## SEVENTH DEFENSE

Plaintiffs' claims against Healthfirst Defendants fail, in whole or in part, because Plaintiffs did not perform services for Healthfirst members.

## EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they lack standing to assert alleged violations of FLSA or NYLL record-keeping requirements.

## NINTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because any violation of federal or state law by Healthfirst Defendants was not willful.

## TENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent they were live-in personal care assistants because it was proper under NYLL and the FLSA to exclude from their wages eight hours of sleep time and three hours of meal time as expressly permitted by 12 N.Y.C.R.R. Part 142 and 29 C.F.R. § 785.22.

ELEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent they failed to utilize available reporting procedures to disclose to their employer any disruption of or interference with their meal or sleep time.

TWELFTH DEFENSE

Plaintiffs' claims against Healthfirst Defendants are barred, in whole or in part, pursuant to N.Y. Pub. Health Law § 3614-C, to the extent the applicable managed care plan(s) reasonably and in good faith collected the required wage parity certifications and information from the applicable home care services agencies and/or other third parties.

RESERVATION OF RIGHTS

Healthfirst Defendants reserve the right to assert additional defenses as they become known during the course of discovery or otherwise.

WHEREFORE, Healthfirst Defendants respectfully request that the Court deny each and every demand, claim and prayer for relief contained in Complaint; award Healthfirst Defendants their costs, disbursements and attorneys' fees incurred in connection with defending themselves in this action; and grant such other and further relief as the Court deems just and proper.

Respectfully,

Dated: May 15, 2020  
Rye, New York

/s/ Andrew P. Marks  
Andrew P. Marks  
David S. Warner

**DORF & NELSON LLP**  
555 Theodore Fremd Avenue  
Rye, New York 10580  
Telephone: (914) 381-7600  
amarks@dorflaw.com  
dwarner@dorflaw.com

*Attorneys for Defendants Healthfirst Health Plan, Inc. and HF Management Services, LLC*