Michael J. DiMattia, Esq.
Adam T. Simons, Esq.
*mdimattia@mcguirewoods.com*
*asimons@mcguirewoods.com*
MCGUIREWOODS LLP
1251 Avenue of the Americas, 20th Floor
New York, New York 10020
(212) 548-2100

*Counsel for Defendant Elderplan, Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |
|---|---|
| LI Z. FENG, YUE X. HUANG, FENG X. LIU, YU P. LIU, SHAO N. MENG and MEI S. YUEN, | : Case No. 1:20-cv-02049 (JPC)(JLC) |
| Plaintiffs, | : **DEFENDANT ELDERPLAN, INC.'S** **ANSWER TO PLAINTIFFS'** **AMENDED COMPLAINT** |
| v. | : |
| ELDERPLAN, INC. and SCHAROME CARES, INC., | : |
| Defendants. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Defendant Elderplan, Inc. ("Defendant" or "Elderplan"), by and through its attorneys, McGuireWoods LLP, answer the allegations in the Amended Complaint ("Complaint") as follows:

## AS TO THE INTRODUCTION

1. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1, except admits that personal care aides provide, *inter alia*, the services listed.

2.      Defendant denies each and every allegation of Paragraph 2, except refers the Court to the New York Department of Labor's Miscellaneous Industries and Occupations Minimum Wage Order, the New York Home Health Care Wage Parity Law, and N.Y. Labor Law §§ 650 *et seq.* for their content and meaning.

3.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3.

4.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4.

5.      Defendant denies each and every allegation of Paragraph 5, except admits that it is a Health Maintenance Organization that contracts with various vendors who provide services and goods to its members.

6.      Defendant denies each and every allegation of Paragraph 6 as they relate to Elderplan.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 6.

7.      Defendant denies each and every allegation of Paragraph 7.

8.      Defendant denies each and every allegation of Paragraph 8.

9.      Defendant denies each and every allegation of Paragraph 9.

10.     Defendant denies each and every allegation of Paragraph 10.

11.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11.

12.     Defendant denies each and every allegation of Paragraph 12 as they relate to Elderplan.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 12

13.     Defendant denies each and every allegation of Paragraph 13 as they relate to Elderplan.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 13.

14.     Defendant denies the allegations of Paragraph 14 as they relate to Elderplan. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 14.

15.     Defendant denies that Plaintiffs are entitled to any of the requested under any theory alleged in Paragraph 15.

**AS TO JURISDICTION AND VENUE**

16.     Defendant denies each and every allegation contained in Paragraph 16, except Defendant admits that it does not dispute this Court's jurisdiction.

17.     Defendant denies each and every allegation contained in Paragraph 17, except Defendant admits that it does not dispute this Court's jurisdiction.

18.     Defendant denies each and every allegation contained in Paragraph 18, except Defendant admits that it does not dispute that venue is proper in this Court.

**AS TO THE PARTIES**

19.     Defendant denies each and every allegation of Paragraph 19 as they relate to any contention that Elderplan employed Plaintiffs.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 19.

20.     Defendant denies each and every allegation of Paragraph 20 as they relate to any contention that Elderplan employed Plaintiffs. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 20.

21.     Defendant denies each and every allegation of Paragraph 21 as they relate to any contention that Elderplan employed Plaintiffs.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 21.

22.     Defendant denies each and every allegation of Paragraph 22 as they relate to any contention that Elderplan employed Plaintiffs.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 22.

23.     Defendant denies each and every allegation of Paragraph 23 as they relate to any contention that Elderplan employed Plaintiffs.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 23.

24.     Defendant denies each and every allegation of Paragraph 24 as they relate to any contention that Elderplan employed Plaintiffs. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 24.

25.     Defendant denies each and every allegation of Paragraph 25, except Defendant admits that Elderplan is a not for profit corporation and it maintains its principle place of business in Brooklyn, New York.

26.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26.

27.     Paragraph 27 is a statement of law to which no response is required; however, to the extent a response is required, Defendant denies each and every allegation of Paragraph 27 to the extent that it is intended to state or mean something other than the language contained in 29 U.S.C. § 203(d) and (g).

28.     Paragraph 28 is a statement of law to which no response is required; however, to the extent a response is required, Defendant denies each and every allegation of Paragraph 28 to

the extent that it is intended to state or mean something other than the language contained in 29 U.S.C. § 203(r).

29.     Paragraph 29 is a statement of law to which no response is required; however, to the extent a response is required, Defendant denies each and every allegation of Paragraph 29 to the extent that it is intended to state or mean something other than the language contained in 29 U.S.C. § 203(s)(1).

30.      Paragraph 30 is a statement of law to which no response is required; however, to the extent a response is required, Defendant denies each and every allegation of Paragraph 30 to the extent that it is intended to state or mean something other than the language contained in 29 U.S.C. § 207 or §202(a).

## AS TO STATEMENT OF FACTS

31.     Defendant denies each and every allegation of Paragraph 31, except Defendant admits that Elderplan receives per capita payments for each of its members.

32.     Defendant denies each and every allegation of Paragraph 32 except Defendant admits that Elderplan as a Health Maintenance Organization provides healthcare coverage to its members.

33.     Defendant denies each and every allegation of Paragraph 33, except Defendant admits that Elderplan completes Uniform Assessment System for New York Community Assessment forms periodically for members or potential members.

34.     Defendant denies each and every allegation of Paragraph 34, except Defendant admits that Elderplan completes a Uniform Assessment System for New York Community Assessment form.

35.     Defendant denies each and every allegation of Paragraph 35.

36.     Defendant denies each and every allegation of Paragraph 36.

37.     Defendant denies each and every allegation of Paragraph 37, except Defendant admits that Elderplan completes a plan of care for each of its members.

38.     Defendant denies each and every allegation of Paragraph 38.

39.     Defendant denies each and every allegation of Paragraph 39, except Defendant admits that Elderplan reassesses its plan of care for each of its members.

40.     Defendant denies each and every allegation of Paragraph 40, except Defendant admits that Elderplan is a Health Maintenance Organization that pays for covered services to its members.

41.     Defendant denies each and every allegation of Paragraph 41, except Defendant admits that Elderplan is a Health Maintenance Organization that pays for covered services to its members.

42.     Defendant denies each and every allegation of Paragraph 42, except Defendant admits that Elderplan utilizes both its own employees and third parties to perform assessments.

43.     Defendant denies each and every allegation of Paragraph 43.

44.     Defendant denies each and every allegation of Paragraph 44, except Defendant admits that Elderplan is a Health Maintenance Organization that pays for covered services to its members.

45.     Defendant denies each and every allegation of Paragraph 45, except Defendant admits that Elderplan is a Health Maintenance Organization that pays for covered services including certain personal care services.

46.     Defendant denies each and every allegation of Paragraph 46.

47.     Defendant denies each and every allegation of Paragraph 47.

6

48.     Defendant denies each and every allegation of Paragraph 48.

49.     Defendant denies each and every allegation of Paragraph 49.

50.     Defendant denies each and every allegation of Paragraph 50 except admits that Elderplan pays Scharome a fixed daily rate for certain services.

51.     Defendant denies each and every allegation of Paragraph 51.

52.     Defendant denies each and every allegation of Paragraph 52.

53.     Defendant denies each and every allegation of Paragraph 53.

54.     Defendant denies each and every allegation of Paragraph 54.

55.     Defendant denies each and every allegation of Paragraph 55.

56.     Defendant denies each and every allegation of Paragraph 56.

57.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57.

58.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58.

59.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59.

60.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60.

61.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61.

62.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62.

63.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63.

64.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64.

65.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65.

66.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66.

67.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67.

68.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68.

69.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69.

70.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70.

71.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71.

72.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72.

73.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73.

74.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74.

75.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75.

76.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76.

77.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77.

78.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78.

79.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79.

80.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80.

81.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81.

82.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82.

83.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83.

84.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84.

85.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85.

86.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86.

87.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87.

88.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88.

89.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89.

90.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90.

91.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91.

92.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92.

93.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93.

94.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94.

95.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95.

96.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96.

97.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97.

98.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98.

99.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99.

100.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100.

101.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101.

102.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102.

103.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103.

104.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 104.

105.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 105.

106.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106.

107.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 107.

108.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 108.

109.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 109.

110.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 110.

111.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 111.

112.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 112.

113.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 113.

114.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 114.

115.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 115.

116.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 116.

117.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 117.

118.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 118.

119.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 119.

120.     Defendant denies each and every allegation of Paragraph 120 as they relate to Elderplan. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 120.

121.     Defendant denies each and every allegation of Paragraph 121 as they relate to Elderplan. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 121.

122.     Defendant denies each and every allegation of Paragraph 122 as they relate to Elderplan. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 122.

123.     Defendant denies each and every allegation of Paragraph 123 as they relate to any contention that Elderplan employed Plaintiffs. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 123.

124.     Defendant denies each and every allegation of Paragraph 124 as they relate to Elderplan. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 124.

## <u>AS TO THE FIRST CAUSE OF ACTION</u>
### For Failure to Pay Minimum Wage Under the Fair Labor Standards Act
### (Plaintiffs Feng, Huang, Yu P. Liu, Meng and Yuen)

125.     Defendant incorporates herein by reference as though set forth in full its answers to Paragraphs 1 through 124 of the Complaint, above.

126.    Defendant denies each and every allegation of Paragraph 126 as they relate to Elderplan. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 126.

127.    Paragraph 127 is a statement of law to which no response is required; however, to the extent a response is required, Defendant denies each and every allegation of Paragraph 127 to the extent that it is intended to state or mean something other than the language contained in 29 U.S.C. § 206 and 29 C.F.R. §552.109(a).

128.    Defendant denies each and every allegation of Paragraph 128 as they relate to Elderplan. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 128.

129.    Defendant denies each and every allegation of Paragraph 129 as they relate to Elderplan. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 129.

130.    Defendant denies each and every allegation of Paragraph 130 as they relate to any Elderplan. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 130.

**AS TO THE SECOND CAUSE OF ACTION**
**For Failure to Pay Minimum Wage Under New York Labor Law**

131.    Defendant incorporates herein by reference as though set forth in full its answers to Paragraphs 1 through 130 of the Complaint, above.

132.    Paragraph 132 is a statement of law to which no response is required; however, to the extent a response is required, Defendant denies each and every allegation of Paragraph 132 to the extent that it is intended to state or mean something other than the language contained in NYLL §§ 2 and 651.

133.     Paragraph 133 is a statement of law to which no response is required; however, to the extent a response is required, Defendant denies each and every allegation of Paragraph 133 to the extent that it is intended to state or mean something other than the language contained in NYLL § 652.

134.     Defendant denies each and every allegation of Paragraph 134 as they relate to any Elderplan. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 134.

135.     Defendant denies each and every allegation of Paragraph 135 as they relate to any Elderplan. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 135.

<u>AS TO THE THIRD CAUSE OF ACTION</u>
**For Alleged Failure to Pay Overtime Wages Under the Fair Labor Standards Act
(Plaintiffs Feng, Huang, Yu P. Liu, Meng and Yuen)**

136.     Defendant incorporates herein by reference as though set forth in full its answers to Paragraphs 1 through 135 of the Complaint, above.

137.     Defendant denies each and every allegation of Paragraph 137 as they relate to Elderplan. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 137.

138.     Paragraph 138 is a statement of law to which no response is required; however, to the extent a response is required, Defendant denies each and every allegation of Paragraph 138 to the extent that it is intended to state or mean something other than the language contained in 29 U.S.C. § 207 and 29 C.F.R. §552.109(a).

139.     Defendant denies each and every allegation of Paragraph 139 as they relate to Elderplan. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 139.

140.     Defendant denies each and every allegation of Paragraph 140 as they relate to Elderplan. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 140.

141.     Defendant denies each and every allegation of Paragraph 141 as they relate to Elderplan. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 141.

## AS TO THE FOURTH CAUSE OF ACTION
### For Alleged Failure to Pay Overtime Wages Under the New York Labor Law

142.     Defendant incorporates herein by reference as though set forth in full its answers to Paragraphs 1 through 141 of the Complaint, above.

143.     Defendant denies each and every allegation of Paragraph 143 as they relate to Elderplan. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 143.

144.     Paragraph 144 is a statement of law to which no response is required; however, to the extent a response is required, Defendant denies each and every allegation of Paragraph 144 to the extent that it is intended to state or mean something other than the language contained in NYLL § 652, 12 N.Y.C.R.R. § 142-2.2, and 29 C.F.R. §552.109(a).

145.     Paragraph 145 is a statement of law to which no response is required; however, to the extent a response is required, Defendant denies each and every allegation of Paragraph 145 to the extent that it is intended to state or mean something other than the language contained in NYLL § 652, 12 N.Y.C.R.R. § 142-2.2, and 29 C.F.R. §552.109(a).

146.     Defendant denies each and every allegation of Paragraph 146 as they relate to Elderplan. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 146.

147.     Defendant denies each and every allegation of Paragraph 147 as they relate to Elderplan. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 147.

## AS TO THE FIFTH CAUSE OF ACTION
### For Failure to Pay Spread of Hours Under New York Labor Law

148.     Defendant incorporates herein by reference as though set forth in full its answers to Paragraphs 1 through 147 of the Complaint, above.

149.     Defendant denies each and every allegation of Paragraph 149 as they relate to Elderplan. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 149.

150.     Paragraph 150 is a statement of law to which no response is required; however, to the extent a response is required, Defendant denies each and every allegation of Paragraph 150 to the extent that it is intended to state or mean something other than the language contained in 12 N.Y.C.R.R. § 142-2.4.

151.     Defendant denies each and every allegation of Paragraph 151 as they relate to Elderplan. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 151.

152.     Defendant denies each and every allegation of Paragraph 152 as they relate to Elderplan. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 152.

## AS TO THE SIXTH CAUSE OF ACTION
**For Unlawful Violation of the Record-Keeping Provisions of the Fair Labor Standards Act**

153.     Defendant incorporates herein by reference as though set forth in full its answers to Paragraphs 1 through 152 of the Complaint, above.

154.     Defendant denies each and every allegation of Paragraph 154 as they relate to Elderplan. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 154.

155.     Defendant denies each and every allegation of Paragraph 155 as they relate to Elderplan. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 155.

156.     Defendant denies each and every allegation of Paragraph 156 as they relate to Elderplan. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 156.

## AS TO THE SEVENTH CAUSE OF ACTION
**For Failure to Comply with Notification Requirements and to Maintain Records Under York Labor Law**

157.     Defendant incorporates herein by reference as though set forth in full its answers to Paragraphs 1 through 156 of the Complaint, above.

158.     Defendant denies each and every allegation of Paragraph 158 as they relate to Elderplan. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 158.

159.     Defendant denies each and every allegation of Paragraph 159 as they relate to Elderplan. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 159.

160.    Defendant denies each and every allegation of Paragraph 160 as they relate to Elderplan. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 160.

161.    Defendant denies each and every allegation of Paragraph 161 as they relate to Elderplan. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 161.

162.    Defendant denies each and every allegation of Paragraph 162 as they relate to Elderplan. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 162.

163.    Defendant denies each and every allegation of Paragraph 163 as they relate to Elderplan. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 163.

164.    Defendant denies each and every allegation of Paragraph 164 as they relate to Elderplan. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 164.

165.    Defendant denies each and every allegation of Paragraph 165 as they relate to Elderplan. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 165.

## AS TO THE EIGHTH CAUSE OF ACTION
### For Failure to Pay Wages as Required by the New York Home Care Worker Wage Parity Act

166.    Defendant incorporates herein by reference as though set forth in full its answers to Paragraphs 1 through 165 of the Complaint, above.

167.    Defendant denies each and every allegation of Paragraph 167 as they relate to Elderplan. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 167.

168.    Defendant denies each and every allegation of Paragraph 168 as they relate to Elderplan. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 168.

169.    Defendant denies each and every allegation of Paragraph 169 as they relate to Elderplan. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 169.

170.    Defendant denies each and every allegation of Paragraph 170 as they relate to Elderplan. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 170.

<u>AS TO THE PRAYER FOR RELIEF</u>

Defendant denies that Plaintiffs are entitled to any relief from Defendant, including but not limited to: (a) a declaration that Defendant's conduct complained of herein was a violation of Plaintiffs' rights under the FLSA, NYLL and New York common law; (b) unpaid minimum wage or overtime payments; (c) spread of hours pay; (d) damages for notice pay rate violations; (e) damages for  wage statement violations under NYLL; (f) liquidated damages; (g) pre-judgment and post-judgment interest; (h) costs or attorney's fees; (i) an injunction; or (j) any other relief.

<u>AS TO THE JURY DEMAND</u>

Defendant admits that Plaintiffs requested a jury, but deny there are any triable issues of facts in this case that require a jury.

## DEFENSES

Defendant separately alleges that each of the following defenses are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. Defendant does not impliedly or otherwise undertake any burden of proof or production as to any of these defenses that the law does not otherwise impose:

1.      The Complaint and each and every purported cause of action alleged therein fails to state any claim upon which relief can be granted.

2.      Defendant is misjoined as a party to this action in that, at all times relevant to this action, it was not the employer or joint-employer of Plaintiffs and is not Plaintiffs' employer within the meaning of the FLSA and/or the New York State Labor Law.

3.      Defendant is not liable for any wages or sums owed to Plaintiffs that are attributable to work Plaintiffs performed for any entity or individual.

4.      Plaintiffs' claims are barred because Plaintiffs have failed to join necessary parties to this litigation.

5.      The Complaint and each and every purported cause of action alleged therein is barred in whole or part by all applicable statutes of limitations to the extent that Plaintiffs did not work for Defendant during the relevant statutory periods for each of the alleged federal and state violations of law.

6.      Although Defendant generally and specifically denies that it owes any amounts to Plaintiffs, if it should be determined that any amounts are owed, Defendant alleges that at all times herein reasonable, good faith disputes existed as to whether any such amounts were owed.

7.      Plaintiffs failed to exercise reasonable diligence to mitigate their harm/damages (if any were in fact suffered, which is expressly denied) and, therefore any damages awarded to them

should be reduced accordingly.

8.      Plaintiffs' claims are barred and/or recovery is precluded, in whole or in part, because, to the extent Defendant engaged in any conduct for which it is liable, the conduct was not willful.

9.      To the extent that Defendant took or did not take any action concerning Plaintiffs, such actions or omissions were taken in good faith exercise of its professional judgment, with the honest, reasonable belief that such actions and conduct were warranted by the facts and circumstances known to them at the time.

10.     Plaintiffs have failed to state a claim for punitive damages.

11.     Plaintiffs' claims are barred in whole or in part to the extent that some or all of the disputed time is not compensable pursuant to the provisions of the Portal-to-Portal Act of 1947 and/or New York law.

12.     Plaintiffs are precluded from recovering any amounts from any defendant as they have been paid Plaintiffs all sums legally due under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, the New York Minimum Wage Act, N.Y. Labor Law §§ 650 *et seq.*, Article 6 of the New York Labor Law, N.Y. Labor Law §§ 190 *et seq.*, and all of their implementing regulations.

13.     Plaintiffs, by their actions and/or omissions, have waived and/or are otherwise estopped from asserting the claims against Defendant because, among other reasons, they were paid for all hours worked, they did not request payment for unpaid wages, if any, until this lawsuit, and they further ratified and/or failed to mitigate any damages associated with the nonpayment of wages, by confirming the accuracy of their paychecks each pay period.

14.     Defendant is entitled to a setoff for amounts Plaintiffs owe for receipt of any wages, compensation, money and/or other benefits to which they were not entitled and/or did not earn.

15.     Plaintiffs' claims are barred by the doctrines of unclean hands, waiver, estoppel, laches or ratification.

16.     Plaintiffs' claims are barred, in whole or in part, because upon information and belief they were paid all compensation and benefits to which they were lawfully entitled and to which they voluntarily agreed and expected.

17.     Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it has or may have additional, yet unstated, affirmative or other defenses. Defendant reserves the right to assert additional affirmative or other defenses in the event its investigation or discovery indicates that additional affirmative or other defenses are appropriate.

WHEREFORE, Defendant demands an order as follows:

a)     dismissing the Complaint in its entirety with prejudice;

b)     granting Defendant the costs and disbursements incurred in connection with this action, including attorneys' fees; and

c)     For such other and further relief as the Court deems just and proper.

Dated: November 18, 2020
New York, NY

**McGUIREWOODS LLP**

By:     /s/ *Michael J. DiMattia*
Michael J. DiMattia
Adam T. Simons
McGuireWoods LLP
1251 Avenue of the Americas, 20th Floor
New York, NY 10020-1104
Telephone: (212) 548-7009
Facsimile:  (212) 715-2312
mdimattia@mcguirewoods.com
asimons@mcguirewoods.com

*Attorneys for Elderplan, Inc.*

23

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on November 18, 2020, a copy of Elderplan, Inc.'s Answer was served on the following via the Court's CM/ECF system:

Mark W. Lerner
Jonathan Lucas Shapiro
Joshua D. Fulop
Kasowitz, Benson, Torres LLP
1633 Broadway
New York, NY 10019
mlerner@kasowitz.com
jshapiro@kasowitz.com
jfulop@kasowitz.com

Carmela Huang
Lizbeth Schalet
The Legal Aid Society
199 Water Street, 3rd Floor
New York, New York 10038
chuang@legal-aid.org
lschalet@legal-aid.org

*Counsel for Plaintiffs*

Jeffery Alan Meyer
Justin A. Guilfoyle
Nixon Peabody LLP
50 Jericho Quadrangle, Suite 300
Jericho, NY 11753-2728
jmeyer@nixonpeabody.com
jguilfoyle@nixonpeabody.com

*Counsel for Defendant Scharome Cares, Inc.*

Dated: November 18, 2020                 By: *s/ Michael J. DiMattia*
                                              Michael J. DiMattia